UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KABAS KRASNICI,<br><br>    Plaintiff,<br><br>    v.<br><br>UBS AG, et al.,<br><br>    Defendants. | Case No. 25-cv-07694-LB<br><br>**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION TO DISMISS**<br><br>Re: ECF Nos. 1, 20, 28 |

    The plaintiff, who is proceeding pro se and has paid the filing fee, sued several banks, including UBS AG, UBS Financial Services (U.S.), Deutsche Bank (its Frankfurt headquarters and New York office), Bank of America, Wells Fargo Bank, JPMorgan Chase Bank, Citibank, BNY Mellon, Standard Chartered Bank (New York and Frankfurt branches), HSBC Bank (offices in the U.S., United Kingdom, Hong Kong, and Indonesia), claiming that they "failed to honor fiduciary obligations, diverted or concealed escrowed and secured assets, and refused accounting" and seeking $640 billion U.S. dollars and 600 million euros in damages.[1] On September 19, 2025, the court screened the case and issued an order (attached) identifying deficiencies: the complaint lacked sufficient facts establishing subject-matter jurisdiction and venue, and the plaintiff needed

---

[1] Compl. – ECF No. 1 at 6. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER; R. & R. – No. 25-cv-07694-LB

to allege what the defendants did and where they did it. The court allowed the plaintiff until September 30, 2025, to amend the complaint.[2]

On September 23, 2025, he filed a supplemental complaint adding claims for bank fraud, 18 U.S.C. § 1344, securities fraud, 15 U.S.C. § 78j(b), and violations of the Dodd-Frank Act and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962.[3] On September 26, 2025, the court issued a second order to show cause (attached), identifying the same issues with venue and that the court likely lacked personal jurisdiction over the defendants and providing the plaintiff another chance to supplement the complaint with the requested information.[4] The plaintiff responded the same day in a supplement, reattaching documents that he had already submitted in previous filings and providing no new information about what the defendants did or where they did it.[5] The case should be dismissed for lack of personal jurisdiction and venue, without prejudice to filing it in another forum. There are other issues: the complaint fails to state a claim and lacks the particularity required to plausibly plead fraud, and the claims may be time barred. These issues would normally allow a final opportunity to amend, but would be futile due to the issues with venue and jurisdiction.

Because not all parties have appeared in the case and consented to magistrate-judge jurisdiction, the case must be reassigned. 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017). The court directs the Clerk of Court to reassign the case to a district judge and recommends that the newly assigned district judge dismiss the case.

---

[2] Order – ECF No. 19.

[3] Resp. – ECF No. 20.

[4] Order – ECF No. 27.

[5] Resp. – ECF No. 28; Notices – ECF Nos. 30–31;  Typos in a purported United Nations certificate submitted by the plaintiff call into doubt its authenticity: "United States" and "dollars" would normally be plural in this context, the ordinal indicator for the first day of the month is "st" not "th," and May 1, 2017, was a Monday not a Tuesday as the certificate states. ECF No. 28-8 at 1.

Any party must serve and file specific written objections to this recommendation within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); Civil L.R. 72-3. Failure to file a written objection within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: September 27, 2025

_____
LAUREL BEELER
United States Magistrate Judge